UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH MICHAEL SZEFLER,

                Plaintiff,                16-CV-252(LJV)(HBS)
                                                              ORDER

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.
_____

On August 9, 2016, the plaintiff moved for judgment on the pleadings, or, in the alternative, to remand the matter for further administrative proceedings. Docket Item 8. On November 2, 2016, the defendant responded to the plaintiff's motion and moved for judgment on the pleadings. Docket Item 12. And on November 28, 2016, the plaintiff replied. Docket Item 13.

On October 26, 2016, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 11. On January 13, 2017, Judge Scott issued a Report and Recommendation finding that the plaintiff's motion should be granted and that the defendant's motion should be denied. Docket Item 14. The parties did not object to the Report and Recommendation, and the time to do so now has expired. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are addressed. See *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Scott's Report and Recommendation as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Scott's recommendation to grant the plaintiff's motion for judgment on the pleadings and deny the defendant's motion. 20 C.F.R. § 416. 927(d)(2)

The Administrative Law Judge erred in giving little weight to the opinion of the treating physician, Dr. Kang, without providing "good reasons" for doing so. 20 C.F.R. § 404.1527(c)(2). One reason that the ALJ provided—that Dr. Kang did not begin to treat Szefler until after the disability period relevant to the plaintiff's claim—is demonstrably incorrect. Docket Item 1-1 at 10; *see* Tr. 282; 427. The ALJ's other reason—that Dr. Kang had not submitted a Mental Residual Functional Capacity Questionnaire—is little better because the ALJ could have requested such documentation and should have developed a complete medical record. See *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) (finding that ALJ erred in rejecting treating physician's opinion, in part because "it was the ALJ's duty to seek additional information from [the treating physician] *sua sponte*").[1]

For the reasons stated above and in the Report and Recommendation, the plaintiff's motion to remand for further administrative proceedings (Docket Item 8) is GRANTED; the

---

[1] This Court reviews the ALJ's decision. *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (stating that decision of ALJ, not Appeals Council, is the final agency decision). It is worth noting, however, that the Appeals Council also erred when it declined to review, and effectively affirmed, the ALJ's decision. Given that Dr. Kang treated Szefler during Szefler's disability period, the Appeals Council erred in concluding that the physician's longitudinal retrospective was about a later time. Docket Item 1-2 at 3; *see also* 20 C.F.R. §§ 404.970(b), 416.1470(b) (authorizing claimants to submit new and material evidence to the Appeals Council when requesting review).

defendant's motion for judgment on the pleadings (Docket Item 12) is DENIED; and the decision of the Commissioner is VACATED. This case is REMANDED for further administrative proceedings so that the ALJ can assess Szefler's mental residual functional capacity in light of Dr. Kang's opinion and can further develop the plaintiff's psychiatric record.

    SO ORDERED.

Dated:  March 1, 2017
          Buffalo, New York

                                        *s/Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE